Mark A. Costantino, J.
Proceeding to review the determination of the State Liquor Authority permitting the transfer of a liquor license to another location.
Respondent Blanda for more than 10 years has operated a licensed liquor store at 3003 Atlantic Avenue, Brooklyn, New York. He filed an application for transfer of his license to 2379 Pitkin Avenue, Brooklyn, on the ground that the neighborhood had changed, hardship, and inability to obtain renewal of his lease, the landlord intending to use the premises himself. Petitioners, holders of licenses and operating liquor stores in close proximity to the store to which respondent desires to transfer his license, opposed the application on the ground that the granting thereof would result in a substantial decrease in petitioners’ businesses, and on other grounds. The Local Board recommended approval of the application and thereafter respondent Authority approved same. Petitioners contend that the failure of the respondent Authority to make findings of fact requires that its determination be annulled and the matter remitted for proper action and that after the Authority has made such findings of fact the material issues raised by the pleadings should be disposed of after trial.
The licenses of petitioners do not give them exclusive right to the business of any area (Matter of France v. O’Connell, 204 Misc. 681, 685). The granting of an application to transfer a license is within the discretion of the Authority and does not require the holding of a hearing thereon. Since no hearing is required it is not necessary for the Authority to make specific or formal findings of fact. See Matter of Barry v. O’Connell (303 N. Y. 46, 53 [concurring opinion of Fulo, J.]) and at page 58 where Desmond, J., observed: ‘ ‘ Formal findings, showing grounds for action, are necessary and important when an administrative body acts quasi-judiciallv with a hearing, evidence, etc., as in the cases cited in the opinion of Judge Lewis, or, as to the Liquor Authority itself, when it revokes or cancels a *117 license for cause after a hearing. In such situations, adequate judicial review can be had only on a formal statement of the administrative body’s reasons for its quasi-judicial decision. But the discretionary refusal of a license is no quasi-judicial act. The test of the legality of such a refusal is not whether there is 1 substantial evidence ’ to support it, but whether it is arbitrary or capricious ’ (see Attorney-General Goldstein’s Report on Judicial Review of Administrative Action, 2 Syracuse L. Rev., No. 2, p. 200, also in N. Y. L. J., May 15, 16, 17, 1951).”
Subdivision 2 of section 54 of the Alcoholic Beverage Control Law specifically requires the Authority to state and file its reasons where it denies an application for a license but section 111 of said law, under which the Authority acted, contains no such requirement.
Petitioners’ contention that there is an issue of fact to be determined after trial is untenable. The court in this proceeding is only called upon to determine whether there was a reasonable basis for the Authority’s discretion. This, in the facts of the case, is a question of law, not of fact (Matter of Drew v. State Liq. Auth., 2 A D 2d 75, affd. 2 N Y 2d 624). On the facts in this record it may not be held as a matter of law that respondent’s approval of the transfer of license was arbitrary or unreasonable, nor was it contrary to law. The court may not substitute its judgment for that of the Authority to whom the power to pass on the matter is given by statute (Matter of Watinsky v. O’Connell, 271 App. Div. 973, affd. 297 N. Y. 552).
The petition is dismissed. Stay previously granted herein is vacated. Submit order.