Joseph A. Suozzi, J.
Application for an order annulling a determination of the respondent wherein permission was denied the petitioners to remove their package liquor store business from its present location in Franklin Square, New York to a location in North Bellmore, New York, and for an order directing the approval of the relocation.
On or about April 15,1962 the petitioners applied for permission to move from premises located at 1038 Hempstead Turnpike, Franklin Square, Nassau County to premises on Jerusalem Avenue at Forest City, North Bellmore, Nassau County. The Nassau County Alcoholic Beverage Control Board made an investigation and recommended approval of the application. On September 8, 1962 the petitioners were notified by mail that the respondent had disapproved the application. The notice provided “ The applicants have failed to establish that if this application for removal is granted there will be sufficient number of liquor stores in the vicinity in which they are now located to serve public convenience and advantage in this area and the Board further determines that public convenience and advantage will not be served by the approval of application. ’ ’
The application for removal shows as the stated ground for removal “ Insufficient Income”. The “ Statement of Applicant ” submitted in support of the application shows that the net annual income of the store after the payment of interest on the loan obtained to purchase the store is approximately $5,500. It is pointed out that there are four other stores in the vicinity servicing the area. A report from the local authority reveals that each of those four stores had gross annual sales in excess of $137,000 for 1961 whereas the petitioners’ gross sales were $65,000 for the same period. The report from the respondent’s investigator, A. Peterman, expresses the opinion that the petitioners’ store serves the public convenience and advantage of the community; that the other liquor stores in the vicinity do not serve the same area as the petitioners; and makes the observation that on two occasions when he observed the conduct of the petitioners’ business, the store closed at 9:00 p.m. instead of 10:00 p.m.
Here as in Matter of Barry v. O’Connell (303 N. Y. 46) the reasons given by the respondent for a denial of the application are conclusory and unsupported by any findings of fact.
The answer of the respondent refers to letters of protest received by the respondent from package liquor stores in the area to which removal is sought. But no reference in the conclusory decision was made to the ‘1 public convenience and advantage” of the North Bellmore location being adversely *978 ¿affected. As stated in the Barry case (supra, p. 50) “ ‘ a reviewing court, in dealing’ with a determination * * * which an administrative agency alone Is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency ’ ” (emphasis supplied; see, also, Matter of Steiert v. Epstein,, 15 A D 2d 532; Matter of Blum v. D’Angelo, 15 A D 2d 909).
The answer contains no statement of facts ‘ ‘ as may be pertinent and material to show the grounds of the action taken by the respondent ”, as required by section 1291 of the Civil Practice Act, nor does the affidavit submitted by John 0. Hart on behalf of the respondent reveal evidentiary facts to support the conclusion made. The mere fact that the petitioners thought in 19.58 when they purchased the store that ‘ ‘ public convenience and advantage ” would be served does not compel adherence to that view by them or to a conclusion by the respondent to that effect — in the light of the sales actually made by the petitioners over the past four years. Nor is Bulletin No. .279 sufficient in and of itself to establish that a store grossing more than $45,000 annually must be serving the public convenience and advantage. The respondent must deal with each case on its own facts.
BeTiance on the policy in the same Bulletin 279, whereby no removal of a store to a ” shopping centerwas permitted, was criticized in Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518, 524) as a “ capricious exercise of discretion ”. Here also, tq conclude that in every case where the gross sales exceeded $45,000 annually the public convenience and advantage would be served is likewise capricious and unreasonable,.
.Accordingly the determination of the respondent is annulled on the ground that the s.ame is arbitrary, capricious and unreasonable. Ordinarily the court would remit the matter to the respondent to make proper findings of fact to support its conclusory notice of disapproval. However, on the record before the court, and in view .of the failure of the respondent to have made .any findings of fact notwithstanding the exhaustive study which ‘it alleges was made in connection with this application, no useful purpose can be served by remitting this matter to the respondent.
The said determination having been annulled, respondent is directed to issue an approval of petitioners’ application for relocation of its package liquor store as prayed for, and to issue such indorsements and other documents as are necessary to accomplish that result.