Jack Staetslaw, J.
The State Liquor Authority (SLA) denied the application of Dennis D. Claire to remove his premises licensed for retail sales three times. After the third denial Claire petitioned this court pursuant to article 78 of the Civil Practice Act, to review the most recent of these determinations.
In 1954 Claire was licensed to operate a liquor store. Seventeen months later his application to move was denied. Another six months went by and he asked for a transfer to his present location, which was of course granted (June 5, 1956). Then, in October, 1960, he sought the first of his three unsuccessful attempts to move from this spot.
According to petitioner, his reasons for removal are to bring him closer to his present customers, provide them more parking area, and to switch sides of the road to eliminate cross-over traffic on a congested highway. Respondent in essence notes in justifying its acts that not only is the area of proposed removal sufficiently licensed, but that its suspicion is that Claire is motivated primarily by monetary considerations, notwithstanding 1961 gross sales of nearly $300,000. The disapproval of the third application, dated May 7, 1963, gives as reason therefor that “Area is sufficiently licensed.” Petitioner here argues that, aside from there being insufficient licensing in the removal area in his view, the four-word reason for denial of his appli *669 cation is improper and ineffectual as a matter of law. He opines that this peremptory rejection, unsupported by any factual statement, must be set aside as conclusory, unstatutory in the standard apparently applied, and arbitrary. The Authority relies on the record before it in support of its assertedly proper exercise of discretion.
Implicit in respondent’s position herein is the adequacy of its reason given for denial. The Alcoholic Beverage Control (“ ABC ”) Law clearly states policy and intent: in section 2 as ‘ ‘ for the protection, health, welfare and safety of the people of the state ’ ’ in granting the 'SLA power ‘ ‘ to determine * * * location of premises licensed in subdivision 1 of section 101-c, to eliminate destruction of “ the statutory plan for location of off premises liquor and wine stores in neighborhood communities which most effectively serves public convenience and advantage ”. Licenses are confined to premises for which issued in the discretion of the SLA (§ 111), although the courts may review failure or refusal to approve transfers (§ 121, subd. 6).
In reviewing the determination of the respondent the scope and limitation of that review must first be defined. If in refusing this transfer the Authority did not properly state its findings and reasoning the decision must be remanded without further inquiry. Judge Lewis, in Matter of Barry v. O’Connell (303 N. Y. 46, 50), stated the primary concern of the reviewer to be “ the legal adequacy of [the] determination and the stated ‘ reasons therefor’.” The statement in that case, refusing the issuance of a license, was held conclusory and inadequate. Subdivision 2 of section 54 of the ABC Law mandating the expression and filing of reasons for nonissuance made the latter also indispensable for any judicial scrutiny. But this case dealt with issuance and nonissuance of a license. The statute distinguishes issuance and transfer procedurally, and only about one year subsequent to the Barry decision (supra) was the ABC Law amended to provide, for the first time, review of refusal to allow the transfer of a license (§ 121, subd. 6).
There is divergent opinion on the existence or not of a distinction in treatment on a proceeding such as the one now before this court and one involving issuance of a license. In Matter of Bosco v. New York State Liq. Auth. (20 Misc 2d 115, 116 affd. 10 A D 2d 629) it was held that “ Since no hearing is required it is not necessary for the Authority to make specific or formal findings of fact ” where the Authority denied a license transfer. (Contra, Matter of Williamson v. New York State Liq. Auth., 38 Misc 2d 976.) However, Judge Fuld of the Court of Appeals, who concurred reluctantly in Matter of Barry v. O’Connell (303 *670 N. Y. 46, supra) more recently wrote for a 4-to-3 majority of the court that “ If an administrative agency acts within permissible limits of the law and its conclusions find reasonable support in the record, its determination is conclusive.” (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 526.) It may be concluded that, with specific reference to applications by licensees for transfer, the Authority acts in an administrative capacity rather than quasi-judicially. Therefore, the entire record, including the results of respondent’s ex parte investigation are subject to examination for the purpose of now learning if the action taken was or was not arbitrary and capricious. The case of Rochester Colony v. Hostetter, is right to this same point (19 A D 2d 250).
The statement that sufficient servicing exists for the area of petitioner’s proposed removal is supported in the record before this court. Surely the discretionary power of the Authority cannot be limited in its exercise to a certain mileage radius limitation, as argued impliedly by Claire. The determination made does not pass into the realm of capriciousness. There is here a difference of opinion between these parties, and respondent must prevail since that difference on the record is not arbitrary so far as the State Liquor Authority is concerned. This proceeding is therefore dismissed.