■ In the Matter of the Estate of EARL WEEKS, Deceased. HOLLEY WEEKS et al., Appellants; MAE V. CLOWERY, Respondent.— In a proceeding to probate a certain instrument as the will of Earl Weeks, deceased, the objectants appeal from an order of the Surrogate's Court, Kings County, entered July 12, 1963, which granted the proponent's motion and directed the objectants' attorneys to serve and file with the court a photocopy of any statement or statements of the subscribing witnesses to the will obtained by an investigator who had been hired by the objectants' attorneys. Order affirmed on the opinion of the Surrogate (*Matter of Weeks*, 39 Misc 2d 696), with costs to the proponent, payable out of the estate. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of CYRIL E. WILLIAMSON et al., Respondents, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the New York State Liquor Authority, dated September 6, 1962, which disapproved the petitioners' application for permission to remove their package liquor store to another location, the Authority appeals from a final order of the Supreme Court, Nassau County, entered April 19, 1963: (1) annulling such determination; and (2) directing the Authority to grant such approval. Order reversed, on the law, and petition dismissed, without costs. To obtain permission for the removal of a package store to another location, it must appear that the public convenience and advantage at the existing location will be served by such removal. The Authority found that there would not be a sufficient number of liquor stores in the old location if its permission for removal were to be granted and that the public convenience and advantage would not be served by the proposed removal of the liquor store. In our opinion, there is sufficient evidence in the record to sustain such a finding. Where there is such evidence the discretion to make the finding is vested in the Authority. On this record, it cannot be said that the Authority acted in an arbitrary or capricious manner and, hence, the court cannot annul its determination (*Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128; *Matter of Lenward Liq. Corp.* v. *New York State Liq. Auth.*, 19 A D 2d 612). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [38 Misc 2d 976.]