Margaret M. J. Mangan, J.
In this article 78 proceeding, the petitioner, an association of package liquor dealers, seeks to review, annul and enjoin the State Liquor Authority from proceeding with phases 2, 3 and 4 of its promulgated plan as outlined in its Bulletin No. 390, dated August 6,1964.
The issuance of the bulletin is not reviewable in an article 78 proceeding.
Section 2 of the Alcoholic Beverage Control Law gives the State Liquor Authority the sole power to administer and control traffic in alcoholic beverages in this State, subject only to the right of judicial review as provided for in section 121 of the Alcoholic Beverage Control Law. The policy decision of the Authority is not one of the actions specified in section 121 of the Alcoholic Beverage Control Law.
Moreover, the petitioner association coneededly has no liquor license and is therefore not a person aggrieved with standing to challenge the bulletin. Wholly apart from the fact that the issuance of the bulletin is not reviewable in an article 78 proceeding and that the petitioner association is not an aggrieved party, this proceeding is lacking in merit. The economic advantage to the petitioner’s members must be subordinated to the public good.
The court takes judicial notice of the liquor scandals which gave rise to the appointment of a Moreland Commission “ to examine and investigate the adequacy and effectiveness of existing laws * * * with respect to the sale and distribution of alcoholic beverages * * * and to recommend any revisions necessary or desirable to strengthen and improve such laws ” (9 NYCRR 1.12).
The Moreland Commission intensely studied and appraised the existing prevailing situation with respect to the retail package liquor stores and the economic restrictions imposed on these stores as it affected the public good and held a number of public hearings before rendering its report. The Legislature after a message of the Governor weighed the judgment of the Moreland Commission and determined that the State Liquor Authority continue to be guided by the principle of public convenience and *336 advantage, but unencumbered by the rigid distance provisions which the Moreland Commission had found to be harmful in carrying out the policy and purposes of the Alcoholic Beverage Control Law which the Moreland Commission found and had no present purpose except to restrict competition. The State Liquor Authority reflecting the wisdom of the Legislature issued its Bulletin No. 390.
On the record before this court, it appears that the Liquor Authority’s determination therein with respect to changes in its package liquor license procedures is not arbitrary, capricious or unreasonable. The substantial increases and shifts in State population were evaluated by the Authority and in the exercise of its discretion it determined that certain “distance” requirements heretofore existing should be eliminated.
Petitioners have in no measure whatsoever demonstrated, nor does the court find that the discretion vested in the respondent has in any manner whatsoever been abused or improvidently exercised. The petition is accordingly dismissed.