Hyman Korn, J.
This is an application pursuant to article 78
of the CPLR. The petitioners are owners of liquor stores located in the 149th Street area in the Bronx and seek to revieAV and annul a determination of the respondent which approved an application to remove the retail liquor store license from 74 Fifth Avenue, New York, New York, and relocate the store at 413 East 149th Street, Bronx, New York.
There is no dispute with regard to the facts. In 1934, the respondent issued a license to a corporation doing business under the name of Hearn’s Liquor Store. In 1955, Hearn’s main department store, of Avhich the licensed premises was an adjunct, was forced to close. At that time it could not transfer the license to its Bronx store, which it now seeks, due to the 1,500-foot distance requirement which was mandatory under subdivisions 4 and 4-a of section 105 of the Alcoholic Beverage Control Law. In 1960 the license was issued in the present name, City Stores Company, Inc. In 1963, folloAving disclosures of graft and corruption, within the respondent Authority, the Governor appointed a Moreland Act Commission to study and *362 reappraise the law with respect to the sale and distribution of alcoholic beverages and to propose revision (9 NYCBB 1.12). It performed such functions, and, at an extraordinary session of the Legislature called by the Governor, some of its revisions were adopted and some rejected, effective April 16, 1964. The policy of the State and the purpose of the law remained unchanged, the Authority was still to determine whether public convenience and advantage will be promoted by the issuance of licenses. Subdivisions 4 and 4-a of section 105 were repealed. Henceforth there would be no mandatory requirement that a license could not be issued within 1,500 feet of another such licensed premises in this city. ' ‘ After extended and thorough consideration of the reports and study papers of the Moreland Commission and the laws enacted by the Legislature aforesaid, on April 16, 1964, respondent, Authority, concluded within the due exercise of its statutory authority, that public convenience and advantage throughout the entire State would be promoted by the acceptance of existing licensed package store applications for removals ” (respondent’s brief, p. 15).
On April 30, 1964, the City Stores Company, Inc., applied for removal claiming it was losing money at the present location and that it would serve the public convenience and advantage if located in the parent corporation’s store and that the public advantage and convenience would not be impaired by departure from its present location as 60% of its business was by mail or phone orders. On May 27, 1964 after investigation, the New York City ABC Board (local board) recommended disapproval, on the ground that “ Sufficient number of licensed premises in proposed area therefore, public convenience and advantage will not be served by granting this removal ”.
On August 20, 1964, the respondent granted the removal. It attached to such approval a copy of its Bulletin 390', dated August 6, 1964, which rescinded prior Buie 39 which limited removals, and its prior Bulletin 279 which had set up general standards governing removal of stores, stating that the convenience and advantage of the public would be best served by a two-phase plan for removals as follows:
‘ ‘ SUBJECT: REMOVALS OE PACKAGE STORES AND ISSUANCE OE NEW LICENSES
“At their meeting of August 6, 1964, the Members of the Authority determined that public convenience and advantage would best be served by a four-phase plan for relocating presently licensed package stores and issuing additional package store licenses.
*363 “ The first two phases are confined to removals of presently-licensed package stores.
“ Phase 1. Petitions for removal of package stores to other locations within the same county and, in the City of New York, within the same city, will be accepted effective immediately and on a continuing basis.
“ Phase 2. Petitions for removals of package stores from a location within one county to a location in another county, or to and from New York City and a location outside the City, will be accepted on a continuing basis on and after October 1, 1964.' ’
This court refused permission to two package store associations to intervene in this proceeding but they were allowed to appear amicus curiae.
At the outset, the court must comment on the weight to be given to the Moreland Act Commission’s report and the Governor’s message on the signing of the law which amended the Alcoholic Beverage Control Law (L. 1964, ch. 531) which are relied on heavily by the respondent. These are interesting and instructive but are only pertinent and to be considered insofar as they may indicate the intention of the Legislature in enacting the amendment.
Also, if the respondent had acted within the scope of its authority, as set forth by the Legislature, the court would not disturb the exercise of administrative discretion unless the action complained of is arbitrary or capricious (Matter of Fiore v. O’Connell, 297 N. Y. 260, 262).
The respondent is a creature of the State Legislature. Its power is secured from that branch of the government. It is responsible to and obligated to carry out the functions that the Legislature empowered it to perform, as the Legislature intended, and not as the Moreland Act Commission or the Governor or any other group or individual intended. There is no indication that the Legislature by merely repealing the mandatory distance curb on the powers of the respondent to grant licenses or the other amendments intended that the Liquor Authority was to have no jurisdiction over the location of liquor stores. In fact, the converse is shown in section 14 of the amended law (L. 1964, ch. 531), which states: “ Nothing contained in section thirteen of this act shall be construed as impairing or affecting the power of the state liquor authority to determine, in accordance with other provisions of the alcoholic beverage control law, whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof *364 and the location of premises licensed thereby”. (Emphasis supplied.)
The Authority argues that it has now been educated as to the meaning of each of the standards found in their Bulletin 279, that they did not validly indicate or lead to any real conclusion as to the promotion of public convenience and advantage, and have rescinded the same. It is then asserted that it now has a new concept of public convenience and advantage which requires unhampered removal of stores.
Formerly, respondent determined, and the courts have repeatedly upheld, that public convenience and advantage required a showing that the area to which removal was sought was inadequately served by the existing stores and that after removal there would be a sufficient number of stores remaining in the removed area (Matter of Williamson v. State Liq. Auth., 14 N Y 2d 360). The respondent claims these concepts are outmoded. However, the courts have interpreted the prior concepts to be the legislative intent, and there has been no change of legislation showing a different intent. In Martin v. State Liq. Auth. (43 Misc 2d 682, 689) the court stated: “ But, more important, the standard of ‘ public convenience and advantage ’ as set forth in section 2 [Alcoholic Beverage Control Law] is the same now as before — unaffected by said repeal. As a matter of fact, it was reaffirmed by section 14 of chapter 531 ”.
The unhampered removal of licenses which would result, as here, with 5 stores being in a 527-foot radius, leaving no stores within an 800-foot radius, after removal, cannot be said to be conforming to the mandate of the Legislature, which found that this industry needs regulation to foster and promote temperance with respect for and obedience to law.
If the Legislature intended this proposed drastic and sweeping change of concept, or if it believed that the industry should not be regulated, it could have so stated. As it did not, and as it enacted this legislation with knowledge of the decisional law, the determination of the respondent, which contravenes the law, must be held to be arbitrary and capricious.
However, it may be, after the proper standards of public convenience and advantage are applied, that the determination should stand. Parenthetically, the court does not believe, from an examination of the profit and loss statements submitted by City Stores, that its financial position is as poor as it states. Nor has it been shown where the persons who purchased $280,000 of its liquors in one year will be serviced after removal. Therefore, the matter is remanded to' the respondent for a redetermination, not inconsistent with this decision.