Henry Tasker, J.
Application pursuant to article 78 of the GPLR, especially section 7803 (subds. 1, 2 and 3) to review a determination of respondent State Liquor Authority approving the application of respondent Módica to remove his retail package store from Bangs County to a location in Amityville, Town of Babylon. Petitioners are owners of retail off-premises stores in the vicinity of the proposed removal of respondent *1050 Módica*s store. Their combined annual gross sales during the 1963-64 license year were $898,000. The proposed location of respondent Módica *s store is at least 1.5 miles from the location of the nearest petitioner’s store.
Various grounds are advanced by petitioners in support of their contention that respondent Liquor Authority’s action in this particular instance was improper. Only one of such grounds need be passed upon. Notwithstanding the enactment of chapter 531 of the Laws of 1964, and the findings of the Moreland Commission (McKinney’s Session Laws of N. Y., 1964, pp. 1946, 1947), the statutory standard against which respondent Liquor Authority’s actions must be measured, that of public convenience and advantage, remains unchanged (Alcoholic Beverage Control Law, § 2; L. 1964, ch. 531, § 14). In Matter of Williamson v. New York State Liq. Auth. (14 N Y 2d 360) the Court of Appeals held that application of the standard of public convenience and advantage requires the Authority to balance the convenience and advantage of the public in the proposed new location against the convenience and advantage of the population in the area from which the licensee wishes to remove; the court further held that the Authority could not intelligently exercise its statutory power and duty without making appropriate findings with respect to each of the locations. Notwithstanding the findings of the Moreland Commission hereinabove cited, the Legislature made no change in the statutory standard, nor did it overrule the controlling judicial authority interpreting such standard (see Martin v. State Liq. Auth., 43 Misc 2d 682).
The affidavit of respondent Authority’s Chairman contains the following averment: ' ‘ Respondent, State Liquor Authority, after an extended and thorough consideration of the reports and study papers of the Moreland Commission, the G-overnor’s message aforesaid, and other relevant information, concluded, within the due exercise of its statutory authority, that public convenience and advantage, a statewide concept, required the acceptance of existing package store applications for removals and the approval of such applications except those barred by specific statutory prohibitions.”
To the extent that respondent Authority, based upon the foregoing statement grants removal applications without considering the public convenience and advantage with respect to each such application, its action clearly exceeds the Legislature’s grant of authority and is evidence of a complete abdication of its express statutory duty (see Matter of Swalbach v. State liq. Auth., 7 N Y 2d 518). However, resolution of the question of whether respondent did or did not so exceed its power in the *1051 matter at bar is unnecessary. In accordance with the cited judicial interpretations of the statutory standard, respondent Liquor Authority was required to make findings as to the convenience and advantage of the public in the new location, as to the public convenience and advantage in the old location and to weigh these findings to arrive at an intelligent and considered determination whether, under the statutory standard, to grant the removal petition. Respondent Authority’s answer and return contains exhibits which support the implied finding that public convenience and advantage at the new location would be served by the granting of respondent Módica’s application. Similarly, the affidavit of the respondent Módica contanis averments of limited gross annual business ($35,000) and of the existence of sufficient stores in the area served by his store at the old location, which might well have justified a finding that public convenience and advantage would be served by the proposed removal. In neither instance were specific findings made.
Accordingly, the matter must be remitted to the Authority to investigate, consider and make the findings required by Matter of Williamson, Matter of Martin and Matter of Swalbach (supra). (Matter of Hub Wine & Liq. Co. v. State Liq. Auth., 44 Misc 2d 361; Matter of Hotel Wines Liqs. v. State Liq. Auth., N. Y. L. J., Dec. 1, 1964, p. 16, col. 2 [Supreme Ct., N. Y. County]; Matter of Glamy Liqs. v. State Liq. Auth., N. Y. L. J., Dec. 8, 1964, p. 18, col. 6 [Supreme Ct., Kings County]; Matter of Brown (State Liq. Auth.), N. Y. L. J., Dec. 17, 1964, p. 18, col. 2 [Supreme Ct., Queens County]; cf. Matter of Stone v. State Liq. Auth., N. Y. L. J., Nov. 9, 1964, p. 17, col. 3 [Supreme Ct., Kings County]; cf. Matter of Suffolk County Retail Wine & Liq. Dealers Assn. v. State Liq. Auth., 44 Misc 2d 334.)
The remaining questions raised by the petition and answers either have no relevancy to the issue at bar or need not now be determined. The petition is granted to the extent Indicated.