Jack Stanislaw, J.
Over one year ago, in October of 1963, this same court had occasion to indicate the necessity of a proper record upon an intracounty retail liquor license removal application (Matter of Claire v. New York State Liq. Auth., 40 Misc 2d 668). In order to extend conclusiveness to the decision of an administrative agency it was noted that' the record must reasonably support that decision. Here, the respondent State Liquor Authority has granted the application of a package-store licensee to remove their license intercounty. The standard applied was that of the public convenience and advantage, based upon the Authority’s investigation of the area of proposed removal. No mention is made in the record of an application of that standard in terms of the licensee’s present location. Petitioners challenge the determination in this article 78 proceeding on the basis of the record as so limited.
A very recent opinion by Mr. Justice Tasker treated an almost identical proceeding (Matter of Messinger v. State Liq. Auth., 44 Misc 2d 1049). That opinion is adopted here in its reasoning and conclusions. In addition, this court adds the following in clarification of its own particular views on the matter.
The principle of inquiring as to the public convenience and advantage in the area of proposed removal of license was stated by the Court of Appeals to be additional to that inquiry to be made as to the area in which the licensee was then operating (Matter of Williamson v. New York State Liq. Auth., 14 N Y 2d 360). Respondent Authority has now taken the position that this concept should be classified as applying nongeographieally as one of “ comparative ” public convenience and advantage. Such a State-wide conceptual framework leads respondent ultimately to the conclusion that removals of licenses in general promote the best interests of the State and should be freely permitted. In other words, free enterprise is best for all.
It is impossible to avoid following this theory to a logical conclusion. Any discretionary function the Authority might exercise as to removals is, in effect, abdicated. There is no consideration to be given any possible public inconvenience and disadvantage due to license transfers at the point from which they are transferred. Further, judicial review of the adminis *1053 trative acts involved is almost a nonexistent possibility if all that is done by the Authority is to process applications. Unless an application for removal is examined geographically at both ends it would seem that the prime motivation and result is as easily private as it is public advantage.
It is felt that those who have attempted to revitalize the law and regulation of the liquor industry in this State did not mean or intend as much more than a realistic relaxation of an antiquated system as the respondent Authority argues. No sign is found which would permit the Authority to withdraw so far from its administrative duty to regulate this industry for the benefit of the State. The over-all State-wide benefits to be considered cannot simultaneously result in failure of full consideration of particular circumstances upon each and every application for removal.
This matter is remitted for further action and findings. (See Williamson and Messinger cases, supra, and authority cited therein.)