■ In the Matter of SUFFOLK COUNTY RETAIL WINE & LIQUOR DEALERS ASSOCIATION, INC., Appellant, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Judgment dismissing petition in article 78 proceeding unanimously affirmed, with $50 costs to respondent. The petitioner, Suffolk County Retail Wine & Liquor Dealers Association, Inc., is not a licensee. It is not entitled to maintain this proceeding for the purpose of generally attacking the recently

adopted Rules and Regulations of the New York State Liquor Authority (Bulletin No. 390, Aug. 6, 1964) with reference to renewals of presently licensed package stores and issuance of new package store licenses. The petitioner does not show such a direct interest in the particular action of the State Liquor Authority as to acquire general standing to maintain the article 78 proceeding, nor is there statutory authority for the same. (See *Gifts By Wire* v. *Bruckman*, 253 App. Div. 350, affd. 278 N. Y. 499; *Matter of Brenner* v. *O'Connell*, 308 N. Y. 636, 643; *St. Clair* v. *Yonkers Raceway*, 13 N Y 2d 72; *Matter of Scopelliti* v. *State Liq. Auth.*, 5 Misc 2d 762, affd. 6 A D 2d 694; *Matter of Roxy Wine & Liq. Corp.* v. *New York State Liq. Auth.*, 5 Misc 2d 343; cf. Alcoholic Beverage Control Law, § 123.) Finally, if the merits were to be reached, some of the court would conclude that the State Liquor Authority, in the proper exercise of discretion, was vested with the power to promulgate the particular rules and regulations and that its power in this connection was not limited by the provisions of existing statutes. (Cf. *Matter of Hub Wine & Liq. Co.* v. *New York State Liq. Auth.*, 22 A D 2d 459.) Concur — Botein, P. J., Breitel, Eager, Steuer and Staley, JJ. [44 Misc 2d 334.]