Jack Stanislaw, J.
This proceeding offers another variety of the continuing tests being made throughout the State of the newly embraced procedures of the State Liquor Authority (hereafter, “ Authority ”). Plaintiffs aslc for judgment declaring the Authority’s Bulletin No. 390 and rule 17 unconstitutional, as proposing deprivation of property absent due process of law. They ask, too, for a permanent injunction on issuance of new licenses because of this purported illegality and the probability of subsequent irreparable harm to themselves.
At the practical heart of this proceeding is plaintiffs’ characterization of the bulletin and the rule as having the intended effect of opening the floodgates wide to an indiscriminate number of new licensees. Thus, plaintiffs (and others) have already, and will continue to, suffer actual pecuniary loss in the estimated value of their existing licensed retail liquor stores. This already appraised (partial) loss forms the foundation of the claim of deprivation of property.
Technically, plaintiffs argue that neither the bulletin nor the rule can be justified by the Authority by any preliminary investigation. It is presumed that these documentary statements do not reflect considerations of public advantage and convenience upon the issuance of new licenses. The Authority, it is said, has adopted a general policy which automatically will result in the granting of new license applications sans an application-by-application study of the public advantage and convenience involved. Such procedure has already been indicated as necessary in recent decisions dealing with applications for *602 the transfer of licenses (Matter of Huh Wine & Liq. Co. v. State Liq. Auth., 44 Misc 2d 361, affd. 22 A D 2d 459; Matter of Dolgosheff v. State Liq. Auth., 44 Misc 2d 1051 by this court). However, judicial dispositions of prior article 78 proceedings dealing with transfers cannot do more here than cloud entirely dissimilar issues."
License transfers remain subject to review of the Authority’s findings regarding standards of public advantage and convenience at both ends of the proposed transfer (Matter of Williamson v. State Liq. Auth., 14 N Y 2d 360). Since the Authority’s action on a removal is statutorily subject to review (Alcoholic Beverage Control Law, § 121, subd. 6), the need for a factual basis for review is immediately apparent. This case, however, concerns the issuance of new licenses exclusively, and as a matter of fact, one of plaintiffs’ arguments is that the absence of a statutory method of review of prospective new licenses makes the instant proceeding all the more imperative. Refusal of new license issue is reviewable (Alcoholic Beverage Control Law, § 121, subd. 1; Matter of Barry v. O’Connell, 303 N. Y. 46), and so, of course, must be supported by legally adequate reasons or be avoided. Defendant takes the position that by failing to provide for a method of review this entire area is impliedly left by the Legislature to defendant’s unrestrained discretion.
In terms of the past history of retail liquor store license regulation, including extensive periods of complete nonissuance, it is distinctly possible that new license review was never really of practical significance. Here, though, plaintiffs raise the point and simultaneously find themselves at a dead end. They cannot attack probable policy if no new license has even been issued, yet the statute offers no way to test the issuance thereafter. This tactical blind alley may even be the result of a legislative oversight; on the other hand, it may not be. Other questions then arise: perhaps lack of provision for review is unconstitutional or is review possible notwithstanding the statute (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.02) ? These concerns are not before us and we do not pass upon them, but in the light of current agitation they may be worthy of further consideration at a proper time in a proper proceeding.
A valid point is raised by defendant in suggesting that one cannot presume it will act illegally or improperly. The complaint is essentially directed at particular statements of policy, Bulletin No. 390 and rule 17, and not the subsequent performance of wrongful acts thereunder, doing one step further, *603 it is most difficult to presently enjoin “ irresponsible ” issuance merely because .the policy is stated to be an unlimited acceptance of applications and not their wholesale approval. A broad policy statement will not support a removal, for instance, but neither is it prima facie illegal. The enunciated policy here is at least valid if only as a basis for the promulgation of certain procedures. When the Hub case invalidated a general statement as justifying a removal, for instance, that did not per se render the statement itself unconstitutional in another area where it has not been utilized directly, and when it may not even be reviewable anyway. This is the nub of plaintiffs’ dilemma, for .they must argue constitutionality now, though prematurely, or attempt a subsequent review not provided for and possibly too late to do any good.
Nevertheless, we cannot right now agree that plaintiffs have already been, or that they surely will be, deprived of property rights without due process of law. And these rights have admittedly accrued to them most tenuously in the first place. Their large investments, based primarily on the artificial scarcity of licenses generally, represented no more than investments in the status quo. Value will often vary in relation to availability, but the granting of the privilege of a license does not give rise to an eternal contract to preserve and embalm an entire industry. Any issuance of a new license, fairly made or otherwise, will inconvenience these plaintiffs (some more than others), but this alone absolutely cannot be the decisive factor. Even were we to assume the Authority to be furtively and consciously thinking about pursuing a clearly illegal course of action the court would be powerless to interfere on that basis alone. In Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518) a general policy statement was held improper, but then only when applied to the consideration of a specific application. There is not as much here — yet.
The motion by defendant to dismiss the complaint is granted, the application for injuction denied, and the stay heretofore granted is vacated.