John P. Cohalan, Jr., J.
Petitioner (hereafter Lake), itself a license transferee from Brooklyn to Bonkonkoma in Suffolk County, now seeks to prevent the issuance of a package store license to respondents Bock and Feuer on the grounds that public convenience and advantage will not be served thereby. No question is raised as to the financial responsibility or the good character of the respondents.
In Matter of Hub Wine & Liq. Co. v. State Liq. Auth. (16 N Y 2d 112, 119), Bergan, J., speaking for a divided (4-3) court said: “ The Authority is under no obligation to make ‘ findings of fact ’ when it grants an application (Matter of Bosco v. New York State Liq. Auth., 10 A D 2d 629, affd. 20 Misc 2d 115; Matter of Barry v. O’Connell, 303 N. Y. 46). Findings are required on the disapproval of an application, but are not required by section 111 of the Alcoholic Beverage Control Law, pursuant to which this application was approved. Hence decisions such as Matter of Williamson v. New York State Liq. Auth. (14 N Y 2d 360) where the petitioners ’ application was denied have no application here.”
Until about one year ago, only one store served the entire Bonkonkoma area. Currently, there are five in operation and respondents, if licensed, will constitute the sixth.
Lake contends that the principles enunciated in the Hub case have been rendered null and void by chapter 1024 of the Laws of 1965, which became a law July 20, 1965, some 1.1 days after Hub was handed down.
That statute, applied to the Alcoholic Beverage Control Law (art. 5) (special provisions relating to liquor) and article 6 (special provisions relating to wine), amended section 63 by adding subdivision 6, and section 79 by adding subdivision 4 to the respective articles. The amendments are identical in verbiage. They read: 1 £ Determinations under this section with respect to the issuance of a new license or under section one hundred eleven with respect to the transfer -to any other premises of a license issued hereunder, shall be made in accordance with public convenience and advantage.-”
In the statement of legislative intent, which explained the purpose of the amendment, it was stated at paragraphs 5 and *836 6 by Senator Marchi: “ Section 2 of the Alcoholic Beverage Control Law, as presently written, simply ‘ empowers ’ the State Liquor Authority to determine whether public convenience and advantage will be promoted through issuance of licenses in this area. This bill, Senate Print 5785, will require such consideration, thus making clear that the Authority may not disregard the plain meaning of this statutory term (taken in the context of section 2 of the A. B. C. Law), and the definitive construction placed upon that term by the courts of this State, as it has in Bulletin 390. The purpose of my bill, Senate Print 5785, is to reaffirm the relevance and continuing applicability of the criterion of ‘ public convenience and advantage,’ as limited by Section 2 of the Alcoholic Beverage Control Law and relevant court decisions, and to prevent and remedy administrative action which disregards that criterion.”
Reading Hub and the new statutes together, the court sees no conflict. Except to put teeth into the existing law by mandating rather than enabling or empowering the State Liquor Authority to act in accordance with public convenience and advantage, it is merely an affirmation and iteration of the law. Had the Legislature desired to go further by saying that ‘ ‘ findings of fact ’ ’ must be made as to all applications, whether granted or denied, it could very easily have said so.
On the authority then of Hub, the court dismisses the petition on the merits, vacates the existing stay, and directs the entry of judgment in favor of the respondents against petitioner, without costs. The State Liquor Authority is directed to issue a license to the respondents Bock and Feuer.