(May 15, 1972)

■ BEDFORD-STUYVESANT REAL ESTATE BOARD, INC., Appellant, v. JOHN P. LOMENZO, Respondent.— In a special proceeding, *inter alia*, to enjoin respondent, the Secretary of State of the State of New York, from issuing an order prohibiting solicitation by licensed real estate brokers and their salesmen, for listing of homes for sale in two certain areas in Brooklyn, New York, petitioner appeals from a judgment of the Supreme Court, Kings County, entered August 17, 1971, which denied the application and granted respondent's cross motion to dismiss the petition. Judgment affirmed, with $10 costs and disbursements. This determination is predicated solely on the ground that the petition herein is completely barren of any allegations which would show that petitioner has such a direct interest as to acquire general standing to maintain the instant proceeding (cf. *Matter of Suffolk County Retail Wine & Liq. Dealers Assn.* v. *New York State Liq. Auth.*, 44 Misc 2d 334, affd. 23 A D 2d 552). We have not reached the merits, but had we done so, we would have affirmed. Munder, Latham and Benjamin, JJ., concur; Rabin, P. J., and Martuscello, J., concur in the result, with the following memorandum: We agree that petitioner lacks standing for the reason noted. However, were we to reach the merits of this proceeding we would vote to reverse the judgment and grant the petition to the extent of declaring respondent's order of July 8, 1971 a nullity. In our opinion, there is no statutory or other authority for the issuance by respondent of an order of such unlimited scope as the one under review. While respondent may discipline a licensed real estate broker or salesman for "blockbusting" or engaging in discriminatory activities in the rental and sale of housing, which are demonstrative of "untrustworthiness" (Real Property Law, § 441-c, subd. 1; *Matter of Kamper* v. *Department of State of State of N. Y.*, 26 A D 2d 697, affd. 22 N Y 2d 690; *Matter of Diona* v. *Lomenzo*, 26 A D 2d 473; *Matter of Drago* v. *Lomenzo*, 36 A D 2d 742; see, also, 19 NYCRR 175.17; Executive Law, § 91), respondent's order prohibits all solicitation in the subject area without limitation and without regard to such conduct as could reasonably be deemed not to fall within the purview of the aforesaid proscribed activities. We note that where statutory authority for the issuance of a nonsolicitation order was given to the New York City Commission of Human Rights (Administrative Code of City of New York, §§ C1–1.0 — C1–9.0), such authority was limited (a) to the designation by the commission of a nonsolicitation area predicated on written findings of fact from evidence adduced at a public hearing that certain unlawful real estate practices, which were causing certain deleterious effects, were consistently occurring in the subject area and (b) to the proscription in such area of only such solicitation as reflects an "intent to commit an unlawful real estate practice as defined in section C1–3.0" (Administrative Code, § C1–2.0, subd. 8; § C1–5.0). It is our view that, even if analogous authority may be deemed vested in respondent, the order issued pursuant thereto exceeded these limitations, which we construe as having been designed to achieve effective but reasonable control by an administrative agency.